UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL AMBRIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COCA COLA COMPANY,<br><br>    Defendant. | Case No. 13-cv-03539-JST<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 13 |

In this putative class action for violations of the California Labor Code and related claims, Defendant moves to dismiss on the grounds that Plaintiff fails to state a claim for which relief can be granted. For the reasons set forth below, the motion is DENIED.

## I.    BACKGROUND

Plaintiff Daniel Ambriz filed this proposed class action on July 31, 2013, against Defendant Coca-Cola Company for violations of the California Labor Code and related statutory claims. Ambriz was employed by Coca-Cola as a field service technician from June 1998 to June 2013.

Plaintiff's operative First Amended Complaint asserts seven claims against Defendant: (1) violations of California Labor Code sections 204, 223, 226.7, 512, and 1198 for failure to provide meal periods; (2) violations of California Labor Code sections 204, 223, 226.7, and 1198 for failure to provide rest periods; (3) violations of California Labor Code sections 223, 510, 1194, 1197, and 1198 for failure to pay hourly and overtime wages; (4) violation of California Labor Code section 226 for failure to provide accurate written wage statements; (5) violation of Labor Code sections 201–203 for late payment of final wages under California; (6) violation of California's Unfair Competition Law; and (7) violations of California's Private Attorney General Act. First Am. Compl. ("FAC"), ECF No. 12.

Plaintiff also seeks to represent thirteen California subclasses comprising individuals employed by the Defendant during the relevant time period. Id. ¶ 11. The subclasses are defined as follows:

1. Field Service Technician Subclass: Consists of all individuals employed by Defendant in California as "Field Service Technician" or employed in other positions with similar job titles, descriptions, duties, and/or compensation arrangements.

2. Meal Break Subclass: Consists of all individuals employed by Defendant in California, paid hourly wages, and worked a shift in excess of five hours but were not provided with an uninterrupted, thirty-minute meal period.

3. Late Meal Break Subclass: Consists of all individuals employed by Defendant in California, paid hourly wages, and did not commence a meal break within the first five hours of work.

4. Second Meal Break Subclass: Consists of all individuals employed by Defendant in California, paid hourly wages, and worked a shift in excess of ten hours but were not provided with a second, uninterrupted, thirty-minute meal period.

5. Late Second Meal Break Subclass: Consists of all individuals employed by Defendant in California, paid hourly wages, and did not commence a second meal break before the end of the tenth hour of work.

6. Rest Break Subclass: Consists of all individuals employed by Defendant in California, paid hourly wages, and worked a shift in excess of four hours but were not authorized and permitted to take a rest break.

7. Third Rest Break Subclass: Consists of all individuals employed by Defendant in California, paid hourly, and worked a shift in excess of ten hours but were not authorized and permitted to take a third rest break.

8. Vacation Pay Subclass: Consists of all individuals employed by Defendant in California who earned paid vacation days, including, but not limited to, "Floating Holidays," without receiving compensation for each vested paid vacation pay.

9. Employee 203 Subclass: Consists of all individuals employed by Defendant during the relevant time period.

10. Floating Holiday Subclass: Consists of all individuals employed by Defendant in California who were eligible to receive compensation for "floating holidays."

11. Wage Statement Penalties Subclass: Consists of all Vacation Class and Field Service Technician Class members employed by Defendant in California during the period beginning one year before the filing of the action.

12. Waiting Time Penalties Subclass: Consists of all class members who separated from their employment with Defendant during the period beginning three years before the filing of this action.

13. UCL Subclass: Consists of all members of the Field Service Technician Subclass, Floating Holiday Subclass, Meal Break Subclass, Late Meal Break Subclass, Rest Break Subclass, Third Rest Break Subclass, Regular Rate Subclass, and Vacation Pay Subclass.

Coca-Cola moved to dismiss on September 18, 2013. Mot., ECF No. 13. The motion is fully briefed. The Court previously vacated the motion hearing pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b).

## II. LEGAL STANDARD

On a motion to dismiss, the Court accepts the material facts alleged in the complaint, together with reasonable inferences to be drawn from those facts, as true. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S., at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. ANALYSIS

Plaintiff alleges that Defendant violated the California Labor Code because it failed to provide him and other similarly situated employees with meal periods and rest periods, premium wages for the missed meal and/or rest periods, vested vacation pay, minimum wages for all hours worked, overtime wages, timely final wages following separation of employment, and accurate written wage statements. Plaintiff also asserts claims for violations of California's Unfair Competition Law ("UCL") and the Private Attorney General Act ("PAGA"). Those claims derive entirely on the Labor Code violations.

Defendant moves to dismiss each claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court examines each claim in turn.

#### A. Labor Code Violations

##### 1. Failure to Provide Meal Periods
(Sections 204, 223, 226.7, 512, and 1198)

Under California Labor Code Section 226.7, an employer is prohibited from requiring employees to work during a meal or rest period mandated by a wage order. Cal. Lab. Code § 226.7(a). An employer who fails to comply must pay an additional hour of pay for each workday that a meal or rest break is not provided. Cal. Lab. Code § 226.7(b). Pursuant to California's Industrial Welfare Commission ("IWC") Wage Order 4-2001, an employer is required to provide at least a thirty-minute meal period per five-hour work period.[1] Cal. Code Regs. Tit. 8, § 11040(11). See also Cal. Labor Code § 512.

Plaintiff alleges that, on days where he worked five hours or more, Defendant failed to provide him with an uninterrupted meal period of at least thirty minutes, and that Defendant had a policy or practice of not providing members of the Meal Break Subclass with such meal periods. FAC ¶¶ 27–30. Plaintiff further alleges that, when he worked shifts of ten hours or more, Defendant failed to provide him with a second meal period and did not pay him premium wages,

---

[1] Plaintiff alleges that he was employed by Defendant as a field service technician. FAC ¶ 5. Accordingly, the Court agrees with Plaintiff that Wage Order 4-2001 is the applicable wage order because it applies to wages and working conditions, in professional, technical, clerical, mechanical, and similar occupations. Cal. Code Regs. Tit. 8, § 11040.

and that Defendant had a policy or practice of not providing second meal periods and not paying premium wages to members of the Second Meal Break Subclass employed to work shifts of ten hours or more. FAC ¶¶ 31–32.

Defendant moves to dismiss on several grounds. First, Defendant argues that Plaintiff failed to allege that he worked sufficient hours to be entitled to meal breaks. That is incorrect. See, e.g., FAC ¶ 27 ("on days that Plaintiff worked five (5) hours or more, Defendants failed to provide Plaintiff with an uninterrupted meal period of at least thirty (30) minutes as required[.]").

Defendant next argues that Plaintiff's claim is insufficient under the standard set forth in Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004 (2012). In Brinker, the California Supreme Court held that an employer complies with California labor laws and the applicable wage order if it "relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute break, and does not impede or discourage them from doing so." Id. at 1040. An employer "is not obligated to police meal breaks and ensure no work thereafter is performed. Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations[.]" Id. at 1040-41.

Coca-Cola argues that Brinker requires plaintiffs to include allegations in their meal break violation claims explaining why they did not take meal breaks: "without proper allegations as to why any meal periods were allegedly missed, Plaintiff's claims fail[.]" Mot., ECF No. 13 p. 8. Nothing in Brinker supports that proposition. Nor does the decision in Brown v. Wal-Mart Stores, Inc., No. 08-cv-5221-SI, 2013 WL 1701581 (N.D. Cal. Apr. 18, 2013), also relied upon by Defendant. In Brown, the court considered the distinguishable allegation that the defendant employer had pressured employees not to take meal breaks that the employer, in the first instance, had provided. The plaintiff in Brown failed adequately to plead the nature of the pressure tactics at issue in that case. Here, Plaintiff alleges that no meal breaks were provided at all. That claim is adequately pled under Brinker; indeed, in a concurrence joined by Justice Liu, Justice Werdegar, who authored the majority opinion, "provided guidance on remand regarding the missed meal break issues." Bradley v. Networkers Int'l, LLC, 211 Cal. App. 4th 1129, 1144–45 (2012), as modified on denial of reh'g (Jan. 8, 2013), rev. denied (Mar. 20, 2013). "Justice Werdegar stated

5

1    that if an employer's records show no meal period for a given shift, a rebuttable presumption arises
2    that the employee was not relieved of duty and no meal period was provided, shifting the burden
3    to the employer to show the meal period was waived." Id. (citing Brinker, 53 Cal. 4th at 1052)
4    (Werdegar, J. concurring). In light of Justice Werdegar's concurrence, and his majority opinion,
5    Plaintiff here is not required to allege anything more than what he has already alleged: that he was
6    entitled to meal breaks, and that meal breaks were not provided.

7          In its reply brief, Coca-Cola cites to a variety of authorities that it did not cite in its motion
8    that are relevant to arguments raised in its motion. "It is inappropriate to consider arguments
9    raised for the first time in a reply brief," and the Court will not address them. Ass'n of Irritated
10   Residents v. C & R Vanderham Dairy, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006). However,
11   the Court will address the decision in Bellinghausen v. Tractor Supply Co., No. 13-cv-02377-JSC,
12   2013 WL 5090869 (N.D. Cal. Sept. 13, 2013), upon which Defendant relies extensively
13   throughout its reply brief, because that decision was issued only five days before Defendant filed
14   its motion.

15         Coca-Cola argues that the court in Bellinghausen dismissed as inadequately pled meal
16   break violation claims based on allegations "nearly identical" to the allegations in this case. The
17   Court is not persuaded by Coca-Cola's characterization of the allegations in Bellinghausen.
18   There, the plaintiff "fail[ed] to identify even the most basic information concerning Plaintiff's
19   employment, such as the nature of Plaintiff's job with Defendant." Id. at *3. Here, Plaintiff has
20   done that. In Bellinghausen, the plaintiff also failed to allege, as Plaintiff has done here, that the
21   defendant lacked a meal break policy. Id. at *4. Indeed, that court recognized that "an employer's
22   lack of a meal break policy may subject the employer to liability because it suggests that the
23   employer did not *provide* meal breaks to its employees." Id.

24         The Court finds that Plaintiff is not required to allege the non-existence of something, such
25   as meal breaks, with any greater specificity than he has done here, because "there is no more
26   factual content Plaintiff *could* have alleged." Yuckming Chiu v. Citrix Sys., Inc., No. 11-cv-1121-
27   DOC, 2011 WL 6018278, at *3 (C.D. Cal. Nov. 23, 2011) (addressing allegation of failure to pay
28   overtime wages). See, e.g., Muan v. Vitug, No. 13-cv-331-PSG, 2013 WL 2403596, at *2 (N.D.

Cal. May 31, 2013) (addressing bare allegation of failure to pay overtime wages and denying motion to dismiss: "It would be unfair to require [plaintiff] to provide in his complaint a detailed employment record when the law clearly requires the employer, not the employee, to maintain such a log."); Acho v. Cort, No. 09-cv-00157-MHP, 2009 WL 3562472, at *3 (N.D. Cal. Oct. 27, 2009) (employee did not need to allege specific dates of overtime work or dates on which meal breaks were denied: "An employer is obligated to maintain employment records. It cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records. Plaintiff has indicated the time period during which he worked for defendant.").

However, Coca-Cola expresses understandable confusion over Plaintiff's opposition brief. In it, Plaintiff appears to supplement the allegations in the First Amended Complaint with an additional theory of liability premised on Coca-Cola's failure to "advise" Plaintiff and the relevant subclasses of their right to meal breaks. Because the Court does not find any allegations in the First Amended Complaint concerning that theory of liability, the Court cannot address whether such a claim is adequately pled, as it does not appear that it has been pled at all.

Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiff's claim for failure to provide meal periods.

### 2. Failure to Provide Rest Periods (Sections 204, 223, 226.7, and 1198)

Under IWC Wage Order 4-2001, employees are entitled to a rest period amounting to a net total of ten minutes per four hours worked. Cal. Code Regs. Tit. 8, § 11040(12).

Defendant moves to dismiss Plaintiff's claim for failure to provide rest periods on the same grounds upon which Defendant moves to dismiss Plaintiff's meal break claim. Coca-Cola contends that Plaintiff's allegations are mere recitations of the statutory elements of the claim and fails to plead that Plaintiff worked the requisite hours to be entitled to rest periods or why he failed to take rest periods.

For the same reasons discussed above, Defendant's analysis is not persuasive. Plaintiff alleges that Defendant did not provide him with a net rest period of ten minutes per four hour

work period, that Defendant maintained a policy of not providing him and members of the Rest Break Subclass with net rest periods of at least ten minutes per four hour work period, and that Defendant failed to pay premium wages when the rest breaks were not provided. FAC ¶¶ 42–44. Plaintiff has adequately pled that Defendant did not provide him with the rest period as required by the wage order, and has sufficiently put Defendant on notice of the claim. As the Court has already explained, Plaintiff is not required to allege the non-existence of something, such as rest periods, with any greater specificity than he has done here.

The Court DENIES Defendant's motion to dismiss Plaintiff's claim for failure to provide rest periods.

### 3. Failure to Pay Hourly and Overtime Wages (Sections 223, 510, 1194, 1197, and 1198)

Under California Labor Code Section 223, employers are prohibited from secretly paying employees wages lower than those maintained by the designated wage scale while "purporting to pay the age designated by statute or by contract." Cal. Lab. Code § 223. Under California Labor Code Section 510, employees are owed overtime compensation for work in excess of eight hours per workday or forty hours per workweek. Cal. Lab. Code § 510(a).

Plaintiff alleges that Defendant "maintained a policy or practice of automatically deducting one half hour from Plaintiff's timecard on every work day for a meal period, regardless of whether or not Plaintiff was provided with a meal period." FAC ¶ 62. Plaintiff further alleges that Defendant required Plaintiff and members of the Field Service Technicians Subclass to clock out for meal periods, regardless of whether they were provided with meal breaks, and subsequently, were required to perform off-the-clock work such as washing, refueling, and otherwise maintaining vehicles as required by Defendant. Id. ¶¶ 63–64, 67. Finally, Plaintiff alleges that Defendant failed to compensate him and the Field Service Technician Subclass for the travel time to the first job of the day, and time spent "putting together specific parts including but not limited to, carbonated motors and pumps required to complete his service calls." Id. ¶ 70.

Defendant argues that the claim is insufficiently stated, relying on the decisions in numerous distinguishable cases. See, e.g., Khalili v. Comerica Bank, No. 11-759-SC, 2011 WL

2445870, at *2 (N.D. Cal. June 16, 2011) (plaintiff's claim "that Defendants' failure to pay overtime 'was and is a result of a single, uniform policy or practice' without identifying, or even suggesting, what this policy or practice was or how it was promulgated" was inadequately pled ); Zhong v. August August Corp., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (dismissing plaintiff's minimum wage and overtime pay claims because "the complaint should, at least approximately, allege the hours worked for which these wages were not received").

Unlike the plaintiffs in Defendant's cases, Plaintiff here alleges that Defendant had a policy or practice of automatically deducting one half hour from his and other employees' timecards every workday for meal periods even though Defendant failed to provide him and other employees with meal periods, and that Plaintiff and the subclass were required to perform off-the-clock work. As the Court has already noted, "[i]t cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records." Acho, 2009 WL 3562472, at *3. This is particularly true here, where Plaintiff alleges that Defendant failed to provide accurate wage statements, as discussed below. Consequently, Plaintiff would be hard-pressed accurately to compute how many uncompensated hours he worked. Plaintiff's allegation is sufficient to put Defendant on notice of the nature of his claim, and the Court therefore DENIES Defendant's motion to dismiss Plaintiff's claim for failure to pay hourly and overtime wages.

### 4. Failure to Provide Accurate Written Wage Statements (Section 226)

California Labor Code section 226 requires employers to keep accurate itemized pay statements setting forth gross wages, the actual number of hours and minutes worked, and all applicable hourly rates of pay. Cal. Lab. Code § 226(a). To recover damages under section 226, an employee must allege that he or she "suffer[ed] injury as a result of a knowing and intentional failure by an employer to comply" with section 226(a). Cal. Lab. Code § 226(e)(1); see Price v. Starbucks Corp., 192 Cal. App. 4th 1136, 1142 (2011).

Section 226(e) was amended effective January 1, 2013. 2012 Cal. Legis. Serv. Ch. 844 (A.B. 1744) (West). Section 226(e) now provides that an "injury" occurs when, among other events, "the employer fails to provide accurate and complete information as required by any one or

more of" the items contained in section 226(a)(1)–(9) and "the employee cannot promptly and easily determine from the wage statement alone one or more of" the items of information provided in the statute. Cal. Lab. Code § 226(e)(2)(B). Wage statements must accurately itemize gross wages earned, (§ 226(a)(1)), total hours worked (§ 226(a)(2), net wages earned (§ 226(a)(5)), or "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee," (§ 226(a)(9)). If a wage statement fails accurately to itemize any of those items, and an employee "cannot promptly and easily determine from the wage statement alone" total hours worked, or all applicable hourly rates for each hour worked by the employee, the wage statement violates section 226.

Here, Plaintiff alleges that Defendant failed to provide "written wage statements with accurate entries for hours worked, corresponding wage rates, and gross and net wages, as a result of not paying him minimum, overtime, and/or vacation wages." FAC ¶ 77. Accordingly, Plaintiff sufficiently pleads an injury under the current version of section 226(e).

However, the Wage Statement Penalties Subclass consists of members employed "during the period beginning one year before the filing of this action," which extends to July 31, 2012 – before the effective date of the current version of section 226(e). FAC ¶ 11. The previous version of section 226(e) does not define "injury." Absent a statutory definition, courts have interpreted "injury" as one that arises directly from the missing information. Price, 192 Cal. App. 4th at 1142–43 (citing Jaimez v. DAIOHS USA, Inc., 181 Cal. App. 4th 1286, 1306-07 (2010)). "[T]he deprivation of that information, standing alone is not a cognizable injury." Id. (internal quotations and citations omitted). However, "[i]t is well established that failure to provide information that results in an employee's confusion over whether he has received all wages owed and forces an employee to make mathematical computations to analyze whether the wages paid in fact compensated him are sufficient injuries." Yuckming Chiu, 2011 WL 6018278, at *6 (citing Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949, 955 (2005)). See also Jaimez, 181 Cal. App. 4th at 1306 (recognizing injury from inaccurate wage statements that prevent employee from challenging overtime rate paid by employer, and that create difficulty and expense in calculating unpaid and miscalculated overtime); Perez, 253 F.R.D. at 517 (same).

Regardless of whether the new version of section 226(e) should be retroactively applied, Plaintiff sufficiently alleges that Defendant's failure to provide accurate wage statements caused Plaintiff injury in the form of preventing immediate challenges against Defendant's pay practices, and because the inaccuracies have "required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies." FAC ¶ 80. Accordingly, Plaintiff's allegations are sufficient under both the previous and current versions of section 226(e). The Court therefore DENIES Defendant's motion to dismiss Plaintiff's section 226 claim.

### 5. Failure Timely to Pay All Final Wages (Sections 201–203)

Under California Labor Code sections 201 and 202, employers are required to pay employees unpaid earned wages immediately upon termination, upon resignation if the employees resign after giving at least a 72-hour notice of resignation, and within 72 hours of giving notice of resignation if the employees do not give at least a 72-hour notice. Cal. Lab. Code §§ 201, 202. Under California Labor Code section 203, employees are awarded a penalty if the employer willfully fails to pay unpaid wages as required by several statutory provisions, including sections 201 and 202. Cal. Lab. Code § 203. "As used in section 203, 'willful' merely means that the employer intentionally failed or refused to perform an act which was required to be done." Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1, 7 (Cal. Ct. App. 1981) (citation omitted).

Here, Plaintiff alleges that Defendant failed timely to pay him and members of the Waiting Time Penalties Subclass final wages, which included earned and unpaid straight time, overtime, and vacation wages (as discussed above), in violation of sections 201–203. FAC ¶ 90. Those allegations are sufficient to place Defendant on notice of Plaintiff's claim.

Defendant's reliance on Bellinghausen is misplaced. There, the court dismissed the plaintiff's failure timely to pay final wages claim because it relied on insufficiently pled meal break and rest period claims. 2013 WL 5090869, at *5. Here, the underlying claims that give rise to Plaintiff's claim under sections 201–203 are adequately pled. Consequently, the Court DENIES Defendant's motion to dismiss Plaintiff's claims under sections 201–203.

### B. UCL & PAGA Claims[2]

The parties agree that Plaintiff's statutory claims under the UCL and PAGA are entirely derivative of his Labor Code claims. Because the Court denies Defendant's motion to dismiss those claims, Defendant's motion to dismiss the UCL and PAGA claims on that basis also fails.

As for Defendant's argument that the subclasses are inadequately pled for purposes of Plaintiff's PAGA claim, Defendant's authorities underline the minimal threshold Plaintiff must meet at this stage to maintain his PAGA claim. The First Amended Complaint provides "at least *some* definition of the class of employees implicated by the case." Moua v. Int'l Bus. Machines Corp., No. 10-cv-01070-EJD, 2012 WL 5373401, at *4 (N.D. Cal. Oct. 30, 2012). As such, the Court DENIES Defendant's motion to dismiss Plaintiff's UCL and PAGA claims.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss as to all of Plaintiff's claims is DENIED.

**IT IS SO ORDERED.**

Dated: November 5, 2013

_____
JON S. TIGAR
United States District Judge

---

[2] The Court will not consider Exhibit A to the declaration of Shaun Setareh in support of Plaintiff's opposition to the motion to dismiss, as Plaintiff did not request judicial notice of it, and it does not appear to be judicially noticeable.

12